UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

Howard Broomfield,

    Petitioner,

v.

United States of America,

    Respondent.

_____/


FILED
CLERK, U.S. DISTRICT COURT
10/1/18
CENTRAL DISTRICT OF CALIFORNIA
BY: CS   DEPUTY

28 USC §2255 Second-in-time Petition Based on new Intervening Judgment.

CV18-8434-CBM

Case No. CR No. 95-0165-CMB

The Honorable Consuelo B. Marshall
United States District Judge

## Factual Background and Procedural History

In February of 1996, a jury convicted Petitioner Howard Broomfield of twelve counts of narcatics related charges under 21 USC § 846, 21 USC § 841, and 21 USC § 848. On june 17, 1996 the court sentenced Petitioner to Life in prison. Petitioner appealed his federal sentence to the Ninth Circuit on June 20th 1996. On August 27th 1998, the Ninth Circuit affirmed Petitioner's conviction and sentence in an unpublished decision, **United States v. James Broomfield**, 1998 WL 551971 (9th Cir. 1998).

Petitioner filed a motion to vacate, set asise, or correct sentence pursuant to 28 USC § 2255 on january 13th, 2000, claiming inter alia, ineffective assistance of counsel for failure to object to jury instruction regarding the "supervisor" element of the CCE charge, among other issues. (CR 95-165-CBM, Dkt No. 508). On November 5, 2004 the district court (The Honorable Consuelo B. Marshall) granted the motion in part, and the government appealed. (CV 00-586-HLH, Dkt No.20). On February 9th, 2006, the Ninth Circuit reversed the district court. **Broomfield**, 172 Fed Appx. 743, *1.

NOW COMES, Petitioner, Howard Broomfield, pro se, pursuant to 28 USC §2255 "Second-in-Time" petition based on new intervening judgment. Based on the new intervening judgment, Petitioner's 1984 case that the government used to enhance Petitioner pursuant to 21 USC §851 no longer qualifies as a felony drug offense that can be used for

enhancement purposes pursuant to 21 USC §851 because the Ninth Circuit Court of Appeals has determined that California Health and Safety Code §11378 is overbroad and divisible, see <u>United States v. Luis Ocampo-Estrada</u>, 868 F. 3d 1101; 873 F. 3d 661, 2017 U.S. App Lexis 16511.

Petitioner further argues that the sentencing Judge never inquired before sentencing whether the Petitioner affirms or denies (the prior conviction) the sentencing Judge also never informed Petitioner to the fact that any challenge to a prior conviction is waived if not made before sentencing; which is a strict compliance with the procedural aspects of Section§§851(b). The §851(b) colloquy is not merely a procedural requirement, it serves a functional purpose to place the procedural onus on the district court to ensure defendants are fully aware of thier rights. see <u>United States v. Rodriguez</u>, 851 F.3d 931, 946 (9th Cir 2017).

## Conclusion

Based on the now available new intervening Judgment; Petitioner prays that this honorable court vacate, modify and correct Petitioner's sentence.

Dated: August 25th 2018

<u>See Exhibit A</u>

Respectfully Submitted,

*Howard Broomfield*

Howard Broomfield
Reg No. 03205-112
FCI Victorville Medium I
PO Box 3725
Adelanto, CA 92301

## Certificate of Service

I Howard Broomfield, hereby certify that I have served a true and correct copy of the following. This action is deemed filed at the time it was delivered to prison authorities for fowarding, see Houston v. Lack, 101 L.Ed 2d 245 (1988), upon the defendant of record by placing this motion in a sealed postage prepaid envelope addressed to:

The Clerk of the Court
For the United States Court
For the Central District of California
312 North Spring Street
Los Angeles, CA 90012

I declare under penalty of perjury that the foregoing is true and correct pursuant to 28 USC § 1746

Dated: August 25th 2018

Respectfully Submitted,

*Howard Broomfield*
Howard Broomfield
Reg No. 03205-112
FCI Victorville Medium I
PO Box 3725
Adelanto, CA 92301

# EXHIBIT A

The 1984 prior

# REPORT—INDETERMINATE SENTENCE, OTHER SENTENCE CHOICE

FORM CR

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES
**BRANCH** CENTRAL CRIMINAL

**COURT I.D.** 1,9,0,0,1

**CASE NUMBER(S):** A750657 -A

**PEOPLE OF THE STATE OF CALIFORNIA** versus [X] PRESENT
**DEFENDANT:** BROOMFIELD, HOWARD [ ] NOT PRESENT
**AKA:**

**REPORT TO JUDICIAL COUNCIL OF:** [ ] INDETERMINATE SENTENCE TO STATE PRISON [X] SENTENCE CHOICE OTHER THAN STATE PRISON

| DATE OF HEARING (MO)(DAY)(YR) | DEPT. NO. | JUDGE | CLERK |
|---|---|---|---|
| 10 23 85 | 123 | DAVID A. HOROWITZ | A. ARBUCKLE |

| REPORTER | COUNSEL FOR PEOPLE | COUNSEL FOR DEFENDANT | PROBATION NO. OR PROBATION OFFI |
|---|---|---|---|
| V. ANDERSON | S. WEISS | S. WEISS | X061904 |

**1. DEFENDANT WAS CONVICTED OF THE COMMISSION OF THE FOLLOWING FELONIES:**

A. [ ] ADDITIONAL COUNTS ARE LISTED ON ATTACHMENT

| COUNT | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION (MO DAY YEAR) | CONVICTION BY JURY TRIAL | COURT TRIAL | PLEA | 654 STAY | 12022(a) | 12022(b) | 12022.3(a) | 12022.3(b) | 12022.5 | 12022.6(a) | 12022.6(b) | 12022.7 | 12022.8 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | HS | 11378.5 | POSS PCP F/SALE | 84 | 07 02 85 | | | X | | | | | | | | | | |

**2. A. Number of prior prison terms charged and found**

| SECTION | NUMBER |
|---|---|
| 667.5(a) | 0 |
| 667.5(b) | 0 |
| 667.6(b) | 0 |

**B. Number of prior felony convictions**

| SECTION | NUMBER |
|---|---|
| 667.6(a) | 0 |

3. [ ] Defendant was sentenced to death on counts _____, _____, _____, _____, _____.

4. [ ] Defendant was sentenced to State Prison:
   A. [ ] For life, or a term such as 15 or 25 years to life, with possibility of parole, on counts _____, _____, _____, _____, _____.
   B. [ ] For life without the possibility of parole on counts _____, _____, _____, _____, _____.
   C. [ ] For other term prescribed by law on counts _____, _____, _____, _____, _____.

5. [ ] Counts _____, _____, _____, _____, were deemed misdemeanors.
   A. [ ] Defendant sentenced to _____ days in county jail for all counts.
   B. [ ] Defendant fined in sum of $ _____.

6. [X] For counts 1, _____, _____, _____, the defendant was placed on probation.
   A. (1) [ ] Sentence pronounced and execution of sentence was suspended; or
      (2) [X] Imposition of sentence was suspended.
   B. Conditions of probation included [X] Jail Time 180 days [ ] Fine

7. Other dispositions
   A. [ ] Defendant was committed to California Youth Authority.
   B. [ ] Proceedings suspended, and defendant was committed to California Rehabilitation Center.
   C. [ ] Proceedings suspended, and defendant was committed as a Mentally Disordered Sex Offender.
   D. [ ] Proceedings suspended, and defendant was committed as mentally incompetent.
   E. [ ] Other (Specify) _____

**NOTE:** PURSUANT TO ARTICLE VI, SECTION 6 OF THE CALIFORNIA CONSTITUTION AND SECTION 68505 OF THE GOVERNMENT CODE CHIEF JUSTICE REQUIRES THAT EACH SUPERIOR COURT SHALL COMPLETE THIS FORM FOR EACH INDETERMINATE SENTEN STATE PRISON OR SENTENCE CHOICE OTHER THAN STATE PRISON. THE REPORTS IMPLEMENT SECTION 1170.4 OF THE PENAL AND SHALL BE MAILED TO: ADMINISTRATIVE OFFICE OF THE COURTS, 350 McALLISTER, 3200 STATE BUILDING, SAN FRAN( CALIFORNIA 94102

**DATE** NOV - 5 1985 **SIGNATURE OF CLERK**

REPORT—INDETERMINATE SENTENCE, OTHER SENTENCE CHOICE

Const., Art. Pen C. 1170.4

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Howard Broomfield,<br>    Petitioner,<br><br>v.<br><br>United States of America,<br>    Respondent. | 28 USC §2255 Second-in-time Petition<br>Based on new Intervening Judgment.<br><br>Case No. CR No. 95-0165-CMB<br><br>The Honorable Consuelo B. Marshall<br>United States District Judge |

## Factual Background and Procedural History

In February of 1996, a jury convicted Petitioner Howard Broomfield of twelve counts of narcatics related charges under 21 USC § 846, 21 USC § 841, and 21 USC § 848. On june 17, 1996 the court sentenced Petitioner to Life in prison. Petitioner appealed his federal sentence to the Ninth Circuit on June 20th 1996. On August 27th 1998, the Ninth Circuit affirmed Petitioner's conviction and sentence in an unpublished decision. **United States v. James Broomfield**, 1998 WL 551971 (9th Cir. 1998).

Petitioner filed a motion to vacate, set asise, or correct sentence pursuant to 28 USC § 2255 on january 13th, 2000, claiming inter alia, ineffective assistance of counsel for failure to object to jury instruction regarding the "supervisor" element of the CCE charge, among other issues. (CR 95-165-CRM, Dkt No. 508). On November 5, 2004 the district court (The Honorable Consuelo B. Marshall) granted the motion in part, and the government appealed. (CV 00-586-HLH, Dkt No.20). On February 9th, 2006, the Ninth Circuit reversed the district court. **Broomfield**, 172 Fed Appx. 743, *1.

NOW COMES, Petitioner, Howard Broomfield, pro se, pursuant to 28 USC §2255 "Second-in-Time" petition based on new intervening judgment. Based on the new intervening judgment, Petitioner's 1984 case that the government used to enhance Petitioner pursuant to 21 USC §851 no longer qualifies as a felony drug offense that can be used for

enhancement purposes pursuant to 21 USC §851 because the Ninth Circuit Court of Appeals has determined that California Health and Safety Code §11378 is overbroard and divisible, see United States v. Luis Ocampo-Estrada, 868 F. 3d 1101; 873 F. 3d 661, 2017 U.S. App Lexis 16511.

Petitioner further argues that the sentencing Judge never inquired before sentencing whether the Petitioner affirms or denies (the prior conviction) the sentencing Judge also never informed Petitioner to the fact that any challenge to a prior conviction is waived if not made before sentencing; which is a strict compliance with the procedural aspects of Section§§851(b). The §851(b) colloquy is not merely a procedural requirement , it serves a functional purpose to place the procedural onus on the district court to ensure defendants are fully aware of thier rights. see United States v. Rodriguez, 851 F.3d 931, 946 (9th Cir 2017).

## Conclusion

Based on the now available new intervening Judgment; Petitioner prays that this honorable court vacate, modify and correct Petitioner's sentence.

Dated: August 25th 2018

See Exhibit A

Respectfully Submitted,

*Howard Broomfield*

Howard Broomfield
Reg No. 03205-112
FCI Victorville Medium I
PO Box 3725
Adelanto, CA 92301

## Certificate of Service

I Howard Broomfield, hereby certify that I have served a true and correct copy of the following. This action is deemed filed at the time it was delivered to prison authorities for fowarding, see <u>Houston v. Lack</u>, 101 L.Ed 2d 245 (1988), upon the defendant of record by placing this motion in a sealed postage prepaid envelope addressed to:

The Clerk of the Court
For the United States Court
For the Central District of California
312 North Spring Street
Los Angeles, CA 90012

I declare under penalty of perjury that the foregoing is true and correct pursuant to 28 USC § 1746

Dated: August 25th 2018

Respectfully Submitted,

*Howard Broomfield*
Howard Broomfield
Reg No. 03205-112
FCI Victorville Medium I
PO Box 3725
Adelanto, CA 92301

# EXHIBIT A

The 1984 prior

# REPORT—INDETERMINATE SENTENCE, OTHER SENTENCE CHOICE

FORM CR

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES
**BRANCH** CENTRAL CRIMINAL

**COURT I.D.** 1,9,0,0,1

**PEOPLE OF THE STATE OF CALIFORNIA** versus [X] PRESENT
**DEFENDANT:** BROOMFIELD, HOWARD
**AKA:** [ ] NOT PRESENT

**CASE NUMBER(S):** A750657 -A, -B, -C, -D, -E

**REPORT TO JUDICIAL COUNCIL OF:** [ ] INDETERMINATE SENTENCE TO STATE PRISON [X] SENTENCE CHOICE OTHER THAN STATE PRISON

| DATE OF HEARING (MO)(DAY)(YR) | DEPT. NO. | JUDGE | CLERK |
|---|---|---|---|
| 10 23 85 | 123 | DAVID A. HOROWITZ | A. ARBUCKLE |

| REPORTER | COUNSEL FOR PEOPLE | COUNSEL FOR DEFENDANT | PROBATION NO. OR PROBATION OFFI |
|---|---|---|---|
| V. ANDERSON | S. WEISS | S. WEISS | X061904 |

**1. DEFENDANT WAS CONVICTED OF THE COMMISSION OF THE FOLLOWING FELONIES:**

A. [ ] ADDITIONAL COUNTS ARE LISTED ON ATTACHMENT _____

| COUNT | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION MO DAY YEAR | CONVICTION BY JURY TRIAL / COURT TRIAL / PLEA | 654 STAY | 12022(a) | 12022(b) | 12022.3(a) | 12022.3(b) | 12022.5 | 12022.6(a) | 12022.6(b) | 12022.7 | 12022.8 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | HS | 11378.5 | POSS PCP F/SALE | 84 | 07 02 85 | X | | | | | | | | | | |

**2.**
A. Number of prior prison terms charged and found

| SECTION | NUMBER |
|---|---|
| 667.5(a) | 0 |
| 667.5(b) | 0 |
| 667.6(b) | 0 |

B. Number of prior felony convictions

| SECTION | NUMBER |
|---|---|
| 667.6(a) | 0 |

3. [ ] Defendant was sentenced to **death** on counts _____, _____, _____, _____, _____.
4. [ ] Defendant was sentenced to State Prison:
   A. [ ] For life, or a term such as 15 or 25 years to life, with **possibility of parole**, on counts _____, _____, _____, _____, _____.
   B. [ ] For life without the possibility of parole on counts _____, _____, _____, _____, _____.
   C. [ ] For other term prescribed by law on counts _____, _____, _____, _____, _____.
5. [ ] Counts _____, _____, _____, _____, were deemed misdemeanors.
   A. [ ] Defendant sentenced to _____ days in county jail for all counts.
   B. [ ] Defendant fined in sum of $ _____.
6. [X] For counts 1, _____, _____, _____, the defendant was placed on probation.
   A. (1) [ ] Sentence pronounced and execution of sentence was suspended; or
      (2) [X] Imposition of sentence was suspended.
   B. Conditions of probation included [X] Jail Time 180 days   [ ] Fine
7. Other dispositions
   A. [ ] Defendant was committed to California Youth Authority.
   B. [ ] Proceedings suspended, and defendant was committed to California Rehabilitation Center.
   C. [ ] Proceedings suspended, and defendant was committed as a Mentally Disordered Sex Offender.
   D. [ ] Proceedings suspended, and defendant was committed as mentally incompetent.
   E. [ ] Other (Specify) _____

**NOTE:** PURSUANT TO ARTICLE VI, SECTION 6 OF THE CALIFORNIA CONSTITUTION AND SECTION 68505 OF THE GOVERNMENT CODE CHIEF JUSTICE REQUIRES THAT EACH SUPERIOR COURT SHALL COMPLETE THIS FORM FOR EACH INDETERMINATE SENTEN STATE PRISON OR SENTENCE CHOICE OTHER THAN STATE PRISON. THE REPORTS IMPLEMENT SECTION 1170.4 OF THE PENAL AND SHALL BE MAILED TO: ADMINISTRATIVE OFFICE OF THE COURTS, 350 McALLISTER, 3200 STATE BUILDING, SAN FRAN CALIFORNIA 94102

**DATE** NOV - 5 1985   **SIGNATURE OF CLERK**

REPORT—INDETERMINATE SENTENCE, OTHER SENTENCE CHOICE

Const., Art. Pen C. 1170.4

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Howard Broomfield, | 28 USC §2255 Second-in-time Petition Based on new Intervening Judgment. |
| Petitioner, | |
| v. | Case No. CR No. 95-0165-CMB |
| United States of America, | The Honorable Consuelo B. Marshall United States District Judge |
| Respondent. | |

## Factual Background and Procedural History

In February of 1996, a jury convicted Petitioner Howard Broomfield of twelve counts of narcatics related charges under 21 USC § 846, 21 USC § 841, and 21 USC § 848. On june 17, 1996 the court sentenced Petitioner to Life in prison. Petitioner appealed his federal sentence to the Ninth Circuit on June 20th 1996. On August 27th 1998, the Ninth Circuit affirmed Petitioner's conviction and sentence in an unpublished decision, **United States v. James Broomfield**, 1998 WL 551971 (9th Cir. 1998).

Petitioner filed a motion to vacate, set asise, or correct sentence pursuant to 28 USC § 2255 on january 13th, 2000, claiming inter alia, ineffective assistance of counsel for failure to object to jury instruction regarding the "supervisor" element of the CCE charge, among other issues. (CR 95-165-CRM, Dkt No. 508). On November 5, 2004 the district court (The Honorable Consuelo B. Marshall) granted the motion in part, and the government appealed. (CV 00-586-HLH, Dkt No.20). On February 9th, 2006, the Ninth Circuit reversed the district court. **Broomfield**, 172 Fed Appx. 743, *1.

NOW COMES, Petitioner, Howard Broomfield, pro se, pursuant to 28 USC §2255 "Second-in-Time" petition based on new intervening judgment. Based on the new intervening judgment, Petitioner's 1984 case that the government used to enhance Petitioner pursuant to 21 USC §851 no longer qualifies as a felony drug offense that can be used for

enhancement purposes pursuant to 21 USC §851 because the Ninth Circuit Court of Appeals has determined that California Health and Safety Code §11378 is overbroard and divisible, see United States v. Luis Ocampo-Estrada, 868 F. 3d 1101; 873 F. 3d 661, 2017 U.S. App Lexis 16511.

Petitioner further argues that the sentencing Judge never inquired before sentencing whether the Petitioner affirms or denies (the prior conviction) the sentencing Judge also never informed Petitioner to the fact that any challenge to a prior conviction is waived if not made before sentencing; which is a strict compliance with the procedural aspects of Section§§851(b). The §851(b) colloquy is not merely a procedural requirement, it serves a functional purpose to place the procedural onus on the district court to ensure defendants are fully aware of thier rights. see United States v. Rodriguez, 851 F.3d 931, 946 (9th Cir 2017).

## Conclusion

Based on the now available new intervening Judgment; Petitioner prays that this honorable court vacate, modify and correct Petitioner's sentence.

Dated: August 25th 2018

See Exhibit A

Respectfully Submitted,

*Howard Broomfield*

Howard Broomfield
Reg No. 03205-112
FCI Victorville Medium I
PO Box 3725
Adelanto, CA 92301

## Certificate of Service

I Howard Broomfield, hereby certify that I have served a true and correct copy of the following. This action is deemed filed at the time it was delivered to prison authorities for fowarding, see <u>Houston v. Lack</u>, 101 L.Ed 2d 245 (1988), upon the defendant of record by placing this motion in a sealed postage prepaid envelope addressed to:

The Clerk of the Court
For the United States Court
For the Central District of California
312 North Spring Street
Los Angeles, CA 90012

I declare under penalty of perjury that the foregoing is true and correct pursuant to 28 USC § 1746

Dated: August 25th 2018

Respectfully Submitted,

*Howard Broomfield*
Howard Broomfield
Reg No. 03205-112
FCI Victorville Medium I
PO Box 3725
Adelanto, CA 92301

Page 3 of 3

# EXHIBIT A

The 1984 prior

REPORT—INDETERMINATE SENTENCE, OTHER SENTENCE CHOICE

FORM CR

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **LOS ANGELES**
BRANCH **CENTRAL CRIMINAL**

COURT I.D. 1,9,0,0,1

PEOPLE OF THE STATE OF CALIFORNIA versus [X] PRESENT
DEFENDANT: BROOMFIELD, HOWARD
AKA: [ ] NOT PRESENT

CASE NUMBER(S):
A750657 - A
- B
- C

REPORT TO JUDICIAL COUNCIL OF: [ ] INDETERMINATE SENTENCE TO STATE PRISON [X] SENTENCE CHOICE OTHER THAN STATE PRISON
- D
- E

| DATE OF HEARING (MO)(DAY)(YR) | DEPT. NO. | JUDGE | CLERK |
|---|---|---|---|
| 10, 23, 85 | 123 | DAVID A. HOROWITZ | A. ARBUCKLE |

| REPORTER | COUNSEL FOR PEOPLE | COUNSEL FOR DEFENDANT | PROBATION NO. OR PROBATION OFFI. |
|---|---|---|---|
| V. ANDERSON | S. WEISS | S. WEISS | X061904 |

1. DEFENDANT WAS CONVICTED OF THE COMMISSION OF THE FOLLOWING FELONIES:

A. [ ] ADDITIONAL COUNTS ARE LISTED ON ATTACHMENT

| COUNT | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION (MO DAY YEAR) | CONVICTION BY (JURY TRIAL / COURT TRIAL / PLEA) | 654 STAY | 12022(a) | 12022(b) | 12022.3(a) | 12022.3(b) | 12022.5 | 12022.6(a) | 12022.6(b) | 12022.7 | 12022.8 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | HS | 11378.5 | POSS PCP F/SALE | 84 | 07 02 85 | X | | | | | | | | | | |

2. A. Number of prior prison terms charged and found

| SECTION | NUMBER |
|---|---|
| 667.5(a) | 0 |
| 667.5(b) | 0 |
| 667.6(b) | 0 |

B. Number of prior felony convictions

| SECTION | NUMBER |
|---|---|
| 667.6(a) | 0 |

3. [ ] Defendant was sentenced to **death** on counts ___, ___, ___, ___, ___.
4. [ ] Defendant was sentenced to State Prison:
   A. [ ] For life, or a term such as 15 or 25 years to life, with possibility of parole, on counts ___, ___, ___, ___, ___.
   B. [ ] For life without the possibility of parole on counts ___, ___, ___, ___, ___.
   C. [ ] For other term prescribed by law on counts ___, ___, ___, ___, ___.
5. [ ] Counts ___, ___, ___, ___, were deemed misdemeanors.
   A. [ ] Defendant sentenced to ___ days in county jail for all counts.
   B. [ ] Defendant fined in sum of $ ___.
6. [X] For counts **1**, ___, ___, ___, the defendant was placed on probation.
   A. (1) [ ] Sentence pronounced and execution of sentence was suspended; or
      (2) [X] Imposition of sentence was suspended.
   B. Conditions of probation included [X] Jail Time **180** days  [ ] Fine
7. Other dispositions
   A. [ ] Defendant was committed to California Youth Authority.
   B. [ ] Proceedings suspended, and defendant was committed to California Rehabilitation Center.
   C. [ ] Proceedings suspended, and defendant was committed as a Mentally Disordered Sex Offender.
   D. [ ] Proceedings suspended, and defendant was committed as mentally incompetent.
   E. [ ] Other (Specify) ___

NOTE: PURSUANT TO ARTICLE VI, SECTION 6 OF THE CALIFORNIA CONSTITUTION AND SECTION 68505 OF THE GOVERNMENT CODE CHIEF JUSTICE REQUIRES THAT EACH SUPERIOR COURT SHALL COMPLETE THIS FORM FOR EACH INDETERMINATE SENTEN STATE PRISON OR SENTENCE CHOICE OTHER THAN STATE PRISON. THE REPORTS IMPLEMENT SECTION 1170.4 OF THE PENAL AND SHALL BE MAILED TO: ADMINISTRATIVE OFFICE OF THE COURTS, 350 McALLISTER, 3200 STATE BUILDING, SAN FRANC CALIFORNIA 94102

DATE **NOV - 5 1985**
SIGNATURE OF CLERK

REPORT—INDETERMINATE SENTENCE, OTHER SENTENCE CHOICE

Const., Art.
Pen C. 1170.4